No. 3488

**Second Circuit**

---

GALLASPY v. LA. RY. & NAV. CO.

---

(February 26, 1931. Opinion and Decree.)

---

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellee.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellant.

DREW, J. Plaintiff sued to recover the value of one mule alleged to have been killed by defendant's train. Defendant denied liability and averred the mule was not worth the value claimed. There was judgment in the lower court for plaintiff in the sum of $125, with five per cent interest thereon from June 19, 1928, the date the mule was killed, until paid. The defendant had no record of the killing and no engineer or fireman on any train at or about the time the mule was killed had any knowledge of the alleged killing. However, the evidence is conclusive by witnesses who saw the mule at the time it was struck by the train and others who saw it soon afterwards that the mule was killed by defendant's train.

There is no attempt made by defendant to prove that the killing was unavoidable or without negligence. Therefore, the liability of defendant for the death of the mule as found by the lower court is correct.

Defendant complains in this court of the value fixed for the mule, and also complains of the judgment of the lower court allowing interest from the date of the accident, instead of from judicial demand. The great preponderance of the testimony is that the mule had a value of $150, and the lower court's finding of a value of $125, the amount sued for, is correct. We think, however, that the lower court was in error in allowing interest from the date of the death of the mule and that interest should have been allowed from judicial demand. (Act No. 206 of 1916.) Therefore, the judgment will have to be amended in this respect.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended by fixing the interest at the legal rate from judicial demand until paid, instead of from June 19, 1928, and, as amended, the judgment is affirmed. Cost of appeal to be paid by appellee.